[No. 1550.]

## JULIUS CASPARY *v.* THE STATE.

SUNDAY LAW—EVIDENCE.—See the opinion in this case for evidence held insufficient to sustain a conviction for selling cigars on Sunday, because it fails in the first place to establish a sale, and in the next place it fails to connect the defendant with the transaction.

APPEAL from the County Court of Wood. Tried below before the Hon. H. M. Cate, County Judge.

The opinion states the nature of the case. The penalty imposed by the verdict of guilty was a fine of twenty dollars.

*Giles & Jones,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

HURT, JUDGE. Caspary and Anderson were indicted jointly for selling cigars to one J. M. Williams on Sunday. Caspary, being convicted, appeals. It is urged that the evidence does not support the verdict of the jury, and that, therefore, the judgment should be reversed. We are of the opinion that this ground is well taken.

1. It is very doubtful whether there was a sale to Williams at all. 2. If a sale, there is no evidence tending to connect Caspary with the sale, or which tends to hold him responsible for the sale.

To the first proposition: Was there a sale? Williams, upon this subject, says: "On last May, on Sunday, I walked into Caspary's drug store to buy a cigar. When I stepped into the store, I called for a cigar, and Mr. Anderson, the clerk, handed me the cigar and I lit it and walked out. I don't remember whether I paid for it then or not. I intended to buy it. I

had a running account at Mr. Caspary's store.  I remember
very distinctly that when I *settled my account* at Caspary's, in
May, I paid for cigars.   When I called for the cigars Mr. Ander-
son handed it out to me and said nothing.   I had a running
account at Caspary's at the time.   It may have been charged to
me.    I remember that I paid for cigars when I settled my
account there for May.   Mr. Caspary has given me cigars since
that time, and, maybe, before.   When he gave me a cigar he
asked me to have a cigar, or I would ask him to set them up."

Williams may have entered the store with the intention to
purchase the cigar—may have believed that he had bought the
same—still, if Anderson did not sell it to him, his intention and
belief would not constitute a sale.   Was this cigar charged to
him?   The affirmative of this question does not appear.   It is
true that his account of May contained items for cigars.   Were
these purchased on Sunday?   Did the cigar in question comprise
an item of that account?   If so, we have no proof of it.

But, concede the sale, where in the whole record is there a fact,
a remote fact, tending to connect Caspary with this transaction?
He was not present; there is no evidence that he or his clerk was
in the habit of violating this law.   No proof that he received the
pay, or was cognizant of any wrong whatever on the part of his
clerk, Anderson.   We are of opinion that the verdict is not sup-
ported by the evidence, and that the judgment must be reversed
and the cause remanded, which is accordingly done.

                              *Reversed and remanded.*

Opinion delivered October 10, 1883